**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GILMAN OPCO LLC, individually and as assignee of PAY GAS, LLC, and GILMAN LANDCO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LANMAN OIL CO., INC., LANMAN TRANSPORTATION INC., and MICHAEL LANMAN,<br><br>Defendants. | ) | No. 13-cv-7846 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiffs Gilman Opco LLC and Gilman Landco LLC assert claims against Defendants Lanman Oil Co., Inc., Lanman Transportation Inc., and Michael Lanman for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and violations of Illinois statutory and common law. (*See* R. 1, Compl.) Defendants move to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). (*See* R. 10, Defs. Mot.) Alternatively, Defendants move to transfer the case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (*See id.*) After the parties completed briefing on Defendants' motion to dismiss or transfer, Plaintiffs moved for leave to take discovery on the amount of business Defendants conduct in the Northern District of Illinois before the Court rules on Defendants' motion. (R. 19, Pls. Mot. for Discovery.)

For the following reasons, the Court concludes that Plaintiffs should have an opportunity to depose Michael Lanman regarding the scope of Defendants' business within the Northern District of Illinois to clarify the representations he made in his affidavits submitted in support of Defendants' motion to dismiss or transfer. Accordingly, the Court grants in part and denies in part Plaintiffs' motion for discovery.

**BACKGROUND**

Plaintiff Gilman Opco LLC ("Gilman") is a limited liability company headquartered in Chicago that runs a gas station and truck stop located in Iroquois County, Illinois. (Compl. ¶ 13 & Exs. 1-2.) Defendants Lanman Oil Co., Inc. ("Lanman Oil") and Lanman Transportation Inc. ("Lanman Transportation") provide petroleum products to gas stations and truck stops, including the ones operated by Gilman and its assignor Pay Gas, LLC.[1] (*Id.* ¶ 14.) Gilman and its affiliate, Gilman Landco LLC, assert several claims arising from Defendants' alleged scheme to fraudulently bill Gilman for those products.

Specifically, Plaintiffs allege that Defendants regularly charged Gilman and Pay Gas more than the mark-up permitted in their contract and billed them for delivering more expensive Marathon-branded diesel fuel when Defendants, in fact, delivered unbranded biodiesel. (*Id.* ¶¶ 19-31.) Additionally, Plaintiffs allege that Defendants billed them for full tank-load deliveries when they delivered only partial tank loads and overstated the gallons of fuel delivered to Plaintiffs. (*Id.* ¶¶ 32-49.) Plaintiffs allege that Defendants manipulated the invoices they submitted to Plaintiffs and attached two liens against Plaintiffs' property in furtherance of the fraudulent scheme. (*Id.* ¶¶ 16, 50-53.) Plaintiffs assert ten counts against Defendants in total: Counts I-III for violation of RICO; Counts IV-V violation of the Illinois Consumer Fraud Act;

---

[1] Defendant Michael Lanman owns and operates both Lanman Oil and Lanman Transportation. (*Id.* ¶ 15.)

Counts VI-VII for violation of the Uniform Deceptive Trade Practices Act; Count VIII for common law fraud, Count IX for breach of fiduciary duty, and Count X for unjust enrichment.

On November 25, 2013, Defendants moved to dismiss the Complaint for improper venue or, in the alternative, to transfer the case to the Central District of Illinois. Defendants argue that venue is improper in this District because all Defendants reside in the Central District of Illinois, all events or omissions giving rise to Plaintiffs' claims occurred in the Central District, the property that is the subject of this litigation is located in the Central District, and litigating this case in the Central District would be more convenient for the parties and witnesses and more efficient for the courts. (*See* R. 11, Defs. Mem. at 4.)

**LEGAL STANDARD**

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district. *See Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013); *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 915-16 (N.D. Ill. 2010). In assessing a defendant's motion to dismiss under Rule 12(b)(3) for improper venue, a court must view the allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts, except those contradicted by an affidavit, as true. *See Marzano*, 942 F. Supp. 2d at 787 (citation omitted). The court also may consider evidence outside the pleadings to the extent that it sheds light on whether venue is proper. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011); *Coleman v. Supervalu, Inc. Short-Term Disability Program*, 920 F. Supp. 2d 901, 903-04 (N.D. Ill. 2013). In doing so, the court must resolve any factual disputes and draw all reasonable inferences in the plaintiff's favor. *See Marzano*, 942 F.

Supp. 2d at 787; *AGA Shareholders, LLC v. CSK Auto., Inc.*, 467 F. Supp. 2d 834, 842-43 (N.D. Ill. 2006).

**ANALYSIS**

Plaintiffs allege that venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b).[2] (Compl. ¶ 5.) Section 1392(b) allows a plaintiff to bring a civil action in any of the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The dispute in this case concerns whether any Defendant "resides" in the Northern District of Illinois to make venue in this District proper under § 1391(b)(1). (*See* R. 10, Pls. Resp. Br. at 10-11.)

**I. Defendant Michael Lanman**

For venue purposes, a natural person "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Defendant Michael Lanman states in his affidavit that he resides and is domiciled in Charleston, Illinois, which is located in the Central District of Illinois (*see* R. 11-2, Lanman Aff. ¶ 2), and Plaintiffs have put forward no

---

[2] RICO contains its own venue provisions, which permit a private plaintiff to bring a civil RICO suit against a defendant in any district in which the defendant "resides, is found, has an agent, or transacts his affairs." *See* 18 U.S.C. § 1965(a). RICO's venue provisions are supplemental to the general civil venue provisions in § 1391. *See Quirk v. Gilsenan*, No. 94 Civ. 3446 (JSM), 1994 WL 537137, at *1 n.1 (S.D.N.Y. Oct. 3, 1994) ("The RICO venue provision is not exclusive, but rather supplements the general venue provisions; venue is deemed appropriate if either statute is satisfied."). Plaintiffs, who bear the burden of proof on Defendants' Rule 12(b)(3) motion, do not argue that venue is proper under RICO's venue provisions. The Court, therefore, need not address this issue. *See Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 913 (N.D. Ill. 2002).

evidence contradicting Mr. Lanman's representation. Accordingly, the Court finds that Mr. Lanman is a resident of the Central District of Illinois for venue purposes.

## II. Defendants Lanman Oil and Lanman Transportation

A corporate defendant is deemed to reside for venue purposes "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). In a State like Illinois with more than one judicial district, a corporate defendant subject to personal jurisdiction in the state "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d). It is undisputed that courts in the Central District of Illinois would have personal jurisdiction over Defendants Lanman Oil and Lanman Transportation; both corporations maintain their principal place of business in Charleston, Illinois, which is in the Central District of Illinois, and do business with numerous gas stations and truck stops throughout the Central District. (*See* Lanman Aff. ¶¶ 3; R. 18-1, Lanman Supp. Aff. ¶ 6.) Accordingly, the question before the Court is whether Lanman Oil's or Lanman Transportation's contacts with the Northern District of Illinois are sufficient to subject at least one of them to personal jurisdiction in this District if it was a separate state. *See* 28 U.S.C. § 1391(d).

In a federal question case, "where federal statutes do not authorize nationwide service of process, a federal court in Illinois may exercise personal jurisdiction over a defendant if it would be permitted to do so under the Illinois long-arm statute."[3] *uBID, Inc. v. GoDaddy Grp., Inc.,*

[3] A circuit split exists regarding whether RICO provides for nationwide service of process and personal jurisdiction in all circumstances or only if personal jurisdiction based on minimum contacts exists for at

623 F.3d 421, 425 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)). "A state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause." *Id.* "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *Id.; see also Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010). With respect to the federal constitutional requirements, it is well-established that the due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

Two types of personal jurisdiction exist—specific and general. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). In Plaintiffs' response brief, they argue that specific jurisdiction would exist over Lanman Oil and Lanman Transportation in the Northern District of Illinois if it was its own state. (*See* Pls. Resp. Br. at 10-11.) In their

---

least one defendant. *Compare Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942-28 (11th Cir. 1997) (finding nationwide jurisdiction under 18 U.S.C. § 1965(d)) *and ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626-27 (4th Cir. 1997) (same) *with PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 70 (2d Cir. 1998) ("[Section] 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. . . . [A] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant."); *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1099 (D.C. Cir. 2008) (same); *and Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1230 (10th Cir. 2006) (same). Because Plaintiff does not argue that the Court has personal jurisdiction over Defendants pursuant to § 1965, the Court need not determine which line of cases to follow.

motion for leave to take discovery, Plaintiffs argue that they need discovery to determine whether general jurisdiction over Lanman Oil and Lanman Transportation would exist in this District if it was its own state. (*See* Pls. Mot. for Discovery ¶¶ 2-42.) For completeness, the Court addresses both arguments.

**A. Specific Jurisdiction**

Whether specific personal jurisdiction over a defendant exists depends on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, --- U.S. ---, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). This type of personal jurisdiction exists only if "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* Courts apply a three-part analysis in determining whether specific jurisdiction exists: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities, and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted); *see also Northern Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Tamburo*, 601 F.3d at 702).

Plaintiffs' claims against Lanman Oil and Lanman Transportation center on motor fuel products Defendants provided to Plaintiffs' gas station and truck stop in Iroquois County in the Central District of Illinois. The jobber/dealer contract at issue in this case concerns that gas station and truck stop, and Defendants attached the two liens at issue to Plaintiffs' properties in Iroquois County. According to Mr. Lanman, the President of Defendants Lanman Oil and Lanman Transportation, Defendants never sold or delivered motor fuel products to Plaintiffs in

the Northern District of Illinois; nor did they meet with or enter into agreements with Plaintiffs in the Northern District of Illinois. (*See* Lanman Aff. ¶ 8.) Plaintiffs do not contest these facts, all of which undercut the existence of personal jurisdiction over Defendants in this District.

Moreover, the contacts that Plaintiffs argue Defendants have with the Northern District of Illinois are not sufficient to establish specific jurisdiction over Defendants. Plaintiffs cite, at most, three purported contacts Defendants had with this District with respect to Plaintiffs: (1) Michael Lanman called, emailed, and mailed correspondence to Plaintiffs' office in Chicago (*see* R. 16-2, Meyers Decl. ¶¶ 7-10); (2) Plaintiffs are located in the Northern District of Illinois and, thus, sustained damages in this District (*see* Pls. Resp. Br. at 11); and (3) Lanman Oil drew $25,000 from a bank in this District on a Letter of Credit, which allegedly exceeds the amount Plaintiffs owed to Defendants (*see id.*). Plaintiffs fail to establish, however, that their claim arises from the first category of contacts or that the latter two contacts are sufficient to satisfy the minimum contacts inquiry. *See GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (quoting *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000)).

First, although telephone, email, and written communications may be relevant factors in a minimum-contacts analysis, they are not, by themselves, sufficient to establish specific jurisdiction. *See Felland v. Clifton,* 682 F.3d 665, 679 (7th Cir. 2012); *Centurion Serv. Grp., LLC v. SBMC Healthcare, LLC*, 944 F. Supp. 2d 617, 624 (N.D. Ill. 2013); *Abbott Labs., Inc. v. BioValve Techs., Inc.*, 543 F. Supp. 2d 913, 921 (N.D. Ill. 2008). In *Felland,* the Seventh Circuit found that personal jurisdiction over the defendant existed in Wisconsin based on the defendant's communications to Wisconsin, where they constituted a "key component of [the plaintiff's] claim for intentional misrepresentation." *Id.* The Seventh Circuit specifically noted, however,

that letters, phone calls, and emails do not "*always* establish minimum contacts for due-process purposes." *Id.* (emphasis in original). The question, rather, "is whether the particular [forum]-directed communications at issue . . . were part of the wrongful conduct that forms the basis of the claim." *Id.* Plaintiffs fail to identify a single communication between Mr. Lanman and Plaintiffs' Chicago office that relates to their claims in any way. Plaintiffs do not describe the content, timing, or frequency of those communications. (*See* Meyers Aff. ¶¶ 7-10); *see also Centurion Serv. Grp.,* 944 F. Supp. 2d at 617 (finding that an unspecified number of email and telephone communications, only one of which the plaintiff established related to its claims in any way, was insufficient to establish specific jurisdiction); *Connecticut Elec., Ins. v. Pacific Coast Breaker, Inc.,* No. 1:10-cv-1440-LJM-TAB, 2012 WL 626269, at *5 (S.D. Ind. Feb. 24, 2012) ("[The plaintiff] does not direct the Court to any evidence of telephone calls or email contacts between [the defendant] and Indiana residents related to the allegedly infringing breakers. Accordingly, these telephone and email contacts cannot confer specific jurisdiction on this Court.").

Second, neither Plaintiffs' location nor the alleged location of its injury is sufficient to satisfy the "defendant-focused 'minimum contacts' inquiry." *See Walden,* --- U.S. ---, 134 S. Ct. at 1122 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). In *Walden*, the Supreme Court emphasized that for specific jurisdiction to exist, the defendant's relationship with the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (emphasis in original) (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Furthermore, the minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's

contacts with persons who reside there." *Id.* (citations omitted). Therefore, although a defendant's contacts with the forum may overlap with his transactions or interactions with the plaintiff or other parties, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123.

This remains true even when a plaintiff, as a forum resident, sustains an injury in the forum as a result of an intentional tort. *Id.* at 1125. "[M]ere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

None of Defendants' allegedly unlawful conduct alleged in the Complaint occurred in the Northern District of Illinois or was directed to this District. To the contrary, all of Defendants' conduct underlying Plaintiffs' RICO and state-law claims took place in the Central District of Illinois and concerned Plaintiffs' properties in the Central District. Plaintiffs' location in the Northern District of Illinois does not, by itself, establish minimum contacts between Defendants and this District even though Plaintiffs allegedly experienced the financial effects of Defendants' alleged misconduct in this District as a result of their location. *See id.*; *see also Telemedicine Solutions LLC v. WoundRight Techs., LLC,* --- F. Supp. 2d ---, 2014 WL 1020936, at *11 (N.D. Ill. Mar. 14, 2014) (finding that specific jurisdiction did not exist where "[t]he only connection between Defendant's allegedly tortious ad and the forum state is Plaintiff's location there").

Finally, Lanman Oil's draw on a Letter of Credit from a bank in the Northern District of Illinois also does not create sufficient contacts to subject Defendants to specific jurisdiction in this District. *See Telemedicine Solutions,* 2014 WL 1020936, at *7-11. Lanman Oil's one-time draw on a Letter of Credit from a bank presumably chosen by Plaintiffs in the Northern District

of Illinois several days after the initiation of this lawsuit hardly creates a "substantial connection" between Defendants and the Northern District, even when considered in conjunction with Plaintiffs' location and alleged injury in this District. *See Walden*, 134 S. Ct. at 1121. In sum, the tenuous relationship, at best, between Plaintiffs' claims and Defendants' contacts with the Northern District of Illinois is insufficient to subject Defendants to specific jurisdiction in this District if it was its own state. Plaintiffs, therefore, cannot rely on specific jurisdiction over Lanman Oil or Lanman Transportation to establish that venue is proper in this District under § 1391(b)(1). *See* 28 U.S.C. § 1391(d).

**B. General Jurisdiction**

Unlike specific jurisdiction, general jurisdiction allows a plaintiff to sue a defendant in the forum regardless of the subject matter of the litigation. *See Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). The standard for exercising general jurisdiction over a defendant is demanding; it requires that the defendant have "continuous and systematic general business within the forum state." *See GCIU-Emp'r Ret. Fund*, 565 F.3d at 1023; *uBID*, 623 F.3d at 425-26; *see also Purdue Res. Found.*, 338 F.3d at 787 ("[T]he constitutional requirement for general jurisdiction is considerably more stringent than that required for specific jurisdiction."). The defendant must have "such extensive contacts with the [forum] state that [the defendant] can be treated as present in the state for essentially all purposes." *uBID*, 623 F.3d at 425-26; *Purdue Res. Found.*, 338 F.3d at 787 (similar).

According to Mr. Lanman's affidavit, Lanman Oil made no sales of motor fuel products to gas stations in the Northern District of Illinois and did not support or operate any convenience stores or car washes for gas stations in the Northern District. (*See* Lanman Supp. Aff. ¶¶ 4-5.) Additionally, all eighteen Lanman Oil locations Plaintiff has identified are located outside the

Northern District. (*Id.* ¶ 6.) Lanman Transportation had one customer in the Northern District of Illinois during 2013, which accounted for 0.3% of its total sales for 2013. (*Id.* ¶ 8.) It also provides freight services for one customer that require loading or dispensing of fuel to or from three terminals located in Cook County, which accounted for approximately 0.26% of Lanman Oil's and Lanman Transportation's combined sales during in 2013. (*Id.* ¶ 9.) Additionally, Lanman Transportation trucks occasionally pass through the Northern District on their way to or from customer locations in Milwaukee, Wisconsin and Hammond, Indiana. (*Id.* ¶ 10.)

Plaintiffs cite five sightings of Lanman Transportation trucks driving on expressways in or near Cook County in a one-month period as evidence that Defendants may be subject to general jurisdiction in the Northern District of Illinois. (*See* Pls. Resp. Br. at Exs. A-D; Pls. Mot. for Discovery at Exs. A-B.) Plaintiffs do not argue that these five sightings are sufficient to establish that Defendants conducted "continuous and systematic general business" in this District, but they contend that these sightings, along with the inconsistencies and "sharp wording" in Mr. Lanman's affidavits warrant permitting Plaintiffs to conduct discovery on the scope of Defendants' business activities in this District before the Court rules on Defendants' motion to dismiss or transfer. (*See* Pls. Mot. for Discovery.)

The Federal Rules of Civil Procedure allow liberal discovery into relevant matters, including discovery directed to personal jurisdiction. *See Andersen v. Sportmart, Inc.,* 179 F.R.D. 236, 241 (N.D. Ind. 1998). A plaintiff does not have an automatic right to jurisdictional discovery in every case. *Id.* "[A]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Reimer Express World Corp.,* 230 F.3d at 947; *see also Ellis v. Fortune Seas, Ltd.,* 175 F.R.D. 308, 312 (S.D. Ind. 1997) (collecting cases). Courts generally will grant jurisdictional discovery if the plaintiff

"can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Andersen,* 179 F.R.D. at 241-42; *Ticketreserve, Inc. v. viagogo, Inc.,* 656 F. Supp. 2d 775, 783 (N.D. Ill. 2009). Although the standard to obtain jurisdictional discovery is low, courts will not permit discovery based only upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction or when a plaintiff's claim appears to be "clearly frivolous." *See Andersen,* 179 F.R.D. at 242; *Ellis,* 175 F.R.D. at 311-13.

Having reviewed the parties' submissions and the affidavits submitted in support thereof, the Court concludes that Plaintiffs should have an opportunity to conduct limited jurisdictional discovery on the scope of Lanman Oil's and Lanman Transportation's business in the Northern District of Illinois. Although the Court does not agree with Plaintiffs' assessment that Mr. Lanman was lying in his affidavits, it finds Mr. Lanman's statement in his initial affidavit that "[a]t no time alleged in Plaintiffs' Complaint did Lanman Oil Company Inc., Lanman Transportation, Inc. or I do business in the Northern District" (*see* Lanman Aff. ¶ 9) to be potentially misleading. The clear import of this statement is that Defendants did not conduct business in the Northern District of Illinois during the time period at issue in this suit. (*Id.*; *see also* Defs. Mem. at 6 ("[N]one of these Defendants did business in the Northern District during the time alleged in Plaintiffs' Complaint.").) The statements in Mr. Lanman's supplemental affidavit, however, show that Lanman Transportation conducted some business in the Northern District during the time period alleged in the Complaint. (*See* Lanman Supp. Aff. ¶¶ 8-10.) Plaintiffs, moreover, have submitted evidence that calls into question Mr. Lanman's representation that Lanman Transportation's sales in the Northern District of Illinois account for only 0.3% of its total sales. (*See* Pls. Mot. for Discovery ¶¶ 22-28.) The Court does not necessarily agree with Plaintiffs' assessment that Mr. Lanman lied in his affidavits. (*See* Pls.

Resp. Br. at 2.) It nonetheless finds that Plaintiffs have put forward evidence sufficient to cross the low hurdle for obtaining discovery to clarify the jurisdictional issues. *See Andersen*, 179 F.R.D. at 241-42 (jurisdictional discovery is appropriate where the factual record "is at least ambiguous or unclear on the jurisdiction issue).

The Court has broad discretion in delineating the proper scope of this jurisdictional discovery. *See Reimer Express Hach Co. v. Hakuto Co., Ltd.,* 784 F. Supp. 2d 977, 983 (N.D. Ill. 2011) (permitting jurisdictional discovery only on limited subjects); *Hill v. Shell Oil Co.,* 149 F. Supp. 2d 416, 420 (N.D. Ill. 2001) (allowing "narrowly targeted" jurisdictional discovery regarding whether the defendant and its alleged joint-venture partners shared profits or losses). In this case, the Court believes that the amount of discovery it permits should be commensurate with the nature and strength of Plaintiffs' jurisdictional arguments. Plaintiffs have put forward sufficient evidence to question some of the representations in Mr. Lanman's affidavits regarding Defendants' business activities. As a result, they should have the opportunity to depose Mr. Lanman regarding the representations in his affidavits and the scope of Lanman Oil's and Lanman Transportation's business more generally.

Plaintiffs' sightings of Lanman Transportation trucks in the Chicago area, however, do not warrant expanded jurisdictional discovery. Five chance sightings of Lanman Transportation tankers on expressways in or near Cook County with no information on where those tankers were travelling to and from and what business, if any, they conducted while within the Northern District of Illinois, does not constitute a prima facie showing of "continuous and systematic general business" within this District. *See Tamburo,* 601 F.3d at 701 ("[I]solated or sporadic contacts—such as occasional visits to the forum state—are insufficient for general jurisdiction."); *see also Ferris Mfg. Corp. v. S.P.R.D.,* No. 07 C 466, 2007 WL 1438375, at *3

(N.D. Ill. May 15, 2007) (general jurisdiction did not exist because, among other reasons, only 3% of the defendant's $10 million of sales occurred in Illinois). Accordingly, the Court grants Plaintiffs' motion for discovery with respect to the limited deposition of Mr. Lanman, but denies Plaintiffs' motion in all other respects. The deposition of Mr. Lanman shall take place by April 21, 2014

**CONCLUSION**

For the reasons explained above, the Court grants in part and denies in part Plaintiffs' motion for jurisdictional discovery, and will allow Plaintiffs to take limited discovery on the issue of general jurisdiction. Specifically, Plaintiffs may depose Michael Lanman with respect to the representation in his affidavits and the scope of Lanman Oil's and Lanman Transportation's business in the Northern District of Illinois.

**DATE: March 28, 2014** **ENTERED**

AMY J. ST. EVE
District Court Judge