UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILMAN OPCO LLC, individually and as assignee of PAY GAS, LLC, and GILMAN LANDCO LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13-cv-7846 |
| LANMAN OIL CO., INC., LANMAN TRANSPORTATION INC., and MICHAEL LANMAN, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

The Court grants Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), and denies as moot Defendants' alternative motion to transfer the case to the Central District of Illinois pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). [10] The Court dismisses this case without prejudice to Plaintiffs' ability to refile in a proper venue. All pending dates and deadlines are stricken.

**STATEMENT**

Before the Court is Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer the case to the Central District of Illinois pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). (*See* R. 10, Mot.) For the following reasons, the Court grants Defendants' motion to dismiss for improper venue, and denies Defendants' alternative motion for transfer as moot.

**BACKGROUND**

Plaintiff Gilman Opco LLC ("Gilman") is a limited liability company headquartered in Chicago that runs a gas station and truck stop located in Iroquois County, Illinois. (Compl. ¶ 13 & Exs. 1-2.) Defendants Lanman Oil Co., Inc. ("Lanman Oil") and Lanman Transportation Inc. ("Lanman Transportation") provide petroleum products to gas stations and truck stops, including the gas station and truck stop operated by Gilman and its assignor Pay Gas, LLC. (*Id.* ¶ 14.) Defendant Michael Lanman owns and operates both Lanman Oil and Lanman Transportation. (*Id.* ¶ 15.)

Gilman and its affiliate, Gilman Landco LLC, assert several claims against Defendants arising from Defendants' alleged scheme to fraudulently overbill Gilman for petroleum products.

According to Plaintiffs, Defendants regularly charged Gilman and Pay Gas more than the mark-up permitted in their contract and billed them for delivering more expensive Marathon-branded diesel fuel when Defendants, in fact, delivered unbranded biodiesel. (*Id.* ¶¶ 19-31.) Additionally, Plaintiffs allege that Defendants billed them for full tank-load deliveries when they delivered only partial tank loads, overstated the gallons of fuel they delivered to Plaintiffs, manipulated the invoices they submitted to Plaintiffs, and attached two liens against Plaintiffs' property in furtherance of the alleged fraudulent scheme. (*Id.* ¶¶ 16, 32-53.) Plaintiffs assert ten counts against Defendants: three counts for violation of the Rackateer Influenced and Corrupt Organizations Act ("RICO"); two counts for violation of the Illinois Consumer Fraud Act; two counts for violation of the Uniform Deceptive Trade Practices Act; one count for common law fraud; one count for breach of fiduciary duty; and one count for unjust enrichment.

## I. Procedural History

On November 25, 2013, Defendants moved to dismiss the Complaint for improper venue or, in the alternative, to transfer the case to the Central District of Illinois. Defendants argue that venue is improper in the Northern District of Illinois because all Defendants reside in the Central District of Illinois, all events or omissions giving rise to Plaintiffs' claims occurred in the Central District, and the property that is the subject of the litigation is located in the Central District. (*See* R. 11, Defs. Mem. at 4.) In support of their motion, Defendants submitted two affidavits from Mr. Lanman describing Lanman Oil's and Lanman Transportation's contacts (or lack thereof) with the Northern District of Illinois.

After the parties fully briefed Defendants' motion to dismiss or transfer, Plaintiffs moved for leave to take discovery because of inconsistencies in Mr. Lanman's affidavits and several sightings of Lanman Transportation vehicles in the Northern District of Illinois over a three-month period. (*See* R. 19, Mot. for Discovery.) On March 28, 2014, the Court granted Plaintiffs' motion for discovery in part and denied it in part. (*See* R. 38, Mem. Op. & Order.) The Court granted Plaintiffs leave to depose Mr. Lanman about the representations in his affidavits and Lanman Oil's and Lanman Transportation's businesses, but denied Plaintiffs' request for broader written and oral discovery. (*See id.* at 12-15.)

In its March 28, 2014 ruling, the Court made several rulings pertinent to the venue analysis. First, the Court determined that Mr. Lanman is a resident of the Central District of Illinois for venue purposes. (*Id.* at 4-5.) Second, the Court held that specific jurisdiction did not exist over Lanman Oil and Lanman Transportation. (*Id.* at 7-11.) Third, the Court ruled that five chance sightings of Lanman Transportation tankers on expressways in or near Cook County without information on where those tankers were traveling to or from and what business, if any, they conducted while in Illinois, was insufficient to create a *prima facie* showing that Lanman Transportation conducts "continuous and systematic" business within the Northern District of Illinois. (*Id.* at 14-15.)

Plaintiffs completed Mr. Lanman's limited deposition on jurisdiction on May 6, 2014. Following Mr. Lanman's deposition, both parties filed supplemental briefs addressing their venue arguments in light of his testimony. The Court has reviewed Mr. Lanman's testimony and the parties' supplemental submissions.

**LEGAL STANDARD**

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in a proper district. *See Marzano v. Proficio Mortg. Ventures, LLC,* 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013); *MB Fin. Bank, N.A. v. Walker,* 741 F. Supp. 2d 912, 915-16 (N.D. Ill. 2010). In assessing a defendant's motion to dismiss under Rule 12(b)(3) for improper venue, a court must view the allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts, except those contradicted by an affidavit, as true. *See Marzano,* 942 F. Supp. 2d at 787 (citation omitted). The court also may consider evidence outside the pleadings to the extent that it sheds light on whether venue is proper. *See Faulkenberg v. CB Tax Franchise Sys., LP,* 637 F.3d 801, 809-10 (7th Cir. 2011); *Coleman v. Supervalu, Inc. Short-Term Disability Program,* 920 F. Supp. 2d 901, 903-04 (N.D. Ill. 2013). In doing so, the court must resolve any factual disputes and draw all reasonable inferences in the plaintiff's favor. *See Marzano,* 942 F. Supp. 2d at 787; *AGA Shareholders, LLC v. CSK Auto., Inc.,* 467 F. Supp. 2d 834, 842-43 (N.D. Ill. 2006).

**ANALYSIS**

**I.      Venue under 28 U.S.C. § 1391(b)(1)**

With respect to whether venue is proper under 28 U.S.C. § 1391(b)(1), the only remaining issue is whether Lanman Oil or Lanman Transportation have sufficient contacts with the Northern District of Illinois to subject it to general jurisdiction in this District, if the District were its own state. (*See* 3/28/11 Mem. Order & Op. at 4-15.) If a state's courts have general personal jurisdiction over a defendant, a plaintiff can require the defendant to answer any claim that arose anywhere in the world in that state. *See Abelesz v. OTP Bank,* 692 F.3d 638, 651 (7th Cir. 2012). As a result, the standard for exercising general jurisdiction over a defendant is demanding: it requires that a foreign (sister-state or foreign-country) corporation have contacts with the forum state that "are so 'continuous and systematic' so as to render them essentially at home in the forum State." *Daimler AG v. Bauman,* --- U.S. ---, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* --- U.S. ----, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)). In determining whether general jurisdiction over a defendant exists, courts look to the following factors: (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). As explained below, neither Lanman Oil nor Lanman Transportation has sufficient contacts with the Northern District of Illinois to meet the demanding standard for subjecting it to general jurisdiction in this District.

### A. Lanman Oil

Lanman Oil's principal place of business is in Charleston, Illinois, which is located in the Central District of Illinois. (*See* R. 11-2, Lanman Aff. ¶ 3.) The company owns and operates three gas stations and serves fourteen dealer sites, all of which are located outside the Northern District of Illinois. (*See* R. 43-1, Lanman Dep. at 19:1-7, 58:12-60:12.) Lanman Oil has not delivered any product into the Northern District of Illinois since at least 2009, nor has it directed any third parties to deliver product into the Northern District. (*Id.* at 32:7-34:1.) During 2013, Lanman Oil did not sell motor fuel or bio products in the Northern District or to customers located in the Northern District, and it did not support or operate any convenience stores, car washes, gas stations, or truck stops in the Northern District. (*Id.* at 63:3-24.) Lanman Oil does not maintain offices in the Northern District of Illinois (*id.* at 29:16-22), and there is no indication that it has employees in the District, advertises or solicits business in the District, or has designated an agent for service of process in the District. Plaintiffs, in sum, fail to identify *any* contacts between Lanman Oil and the Northern District of Illinois, let alone any "continuous and systematic" contacts necessary to subject Lanman Oil to general jurisdiction in this District.

### B. Lanman Transportation

Lanman Transportation has greater contacts with the Northern District of Illinois than Lanman Oil does, but its contacts still fail to meet the demanding standard for general jurisdiction. *See Daimler AG,* 134 S. Ct. at 754, 187 L. Ed. 2d 624; *Goodyear Dunlop Tires Operations,* 131 S. Ct. at 2851, 180 L. Ed. 2d 796. Like Lanman Oil, Lanman Transportation's principal place of business is in Charleston, Illinois in the Central District of Illinois. (*See* Lanman Aff. ¶ 3.) Lanman Transportation does not maintain offices in the Northern District of Illinois; it does not have any bank accounts in the Northern District of Illinois; it has never secured a business loan or maintained relationships with insurance companies in the Northern District of Illinois; and it has not delivered fuel or petroleum products in the Northern District of Illinois since at least 2009. (*See* Lanman Dep. at 29:16-34:5.)

Lanman Transportation has two customers with connections to the Northern District of Illinois.[1] The first customer, Gas Depot Oil Company, has offices in Cook County. In 2013, Lanman Transportation received $17,441 in revenue from its freight business with Gas Depot Oil Company, which amounted to 0.3% of its total revenue. (*See* Lanman Dep. at 60:19-61:17; *see also* R. 18-1, Lanman Supp. Aff. ¶ 8.) All of Lanman Transportation's business with Gas Depot Oil Company in 2013 occurred in the Southern District of Illinois. (*See* Lanman Dep. at 9:21-11:16, 60:19-61:13.) Lanman Transportation did not freight any product to or from the Northern District of Illinois for Gas Depot Oil Company during 2013. (*Id.* at 61:9-13.)

Lanman Transportation's second customer with ties to the Northern District of Illinois, REG, maintains its headquarters in Ames, Iowa. (*Id.* at 11:22-12:12.) REG has three storage

---

[1] Plaintiffs contend that Lanman Transportation has a third customer, "Argo," in this District. (*See* Pls. Supp. Resp. Br. at 3.) Defendants counter, and Mr. Lanman's deposition testimony confirms, however, that Argo is a storage tank location for Lanman Transportation's customer, Renewable Energy Group ("REG"), not a third Lanman Transportation customer. (*See* Defs. Supp. Reply Br. at 9; Lanman Dep. at 54:10-55:2.)

4

terminals in the Northern District of Illinois, and Lanman Transportation transports bio-products to and from those terminals on REG's behalf. (*See id.* at 12:14-13:4, 54:10-55:2.) The portion of Lanman Transportation's total business involving the three REG terminals in the Northern District of Illinois amounted to approximately 2.8% of the total number of loads Lanman Transportation hauled in 2013 or, using a different measure, 3.5% of Lanman Transportation's total revenue in 2013. (*See id.* at 28:9-14, 55:22-56:17.) In 2012, Lanman Transportation hauled fewer loads to and from the three terminals in the Northern District of Illinois than it did in 2013 (*id.* at 74:1-19), and it hauled even fewer loads to and from those terminals in 2011 than it did in 2012. (*Id.*)

Lanman Transportation's business with REG and Gas Depot Oil Company, whether viewed alone or in conjunction, falls short of establishing that Lanman Transportation had "continuous and systematic" contacts with the Northern District of Illinois. *See Ferris Mfg. Corp. v. S.P.R.D.,* No. 07 C 466, 2007 WL 1438375, at *3 (N.D. Ill. May 15, 2007) (general jurisdiction did not exist where sales in the forum state accounted for only 3% of the company's total sales); *McGill v. Gigantex Techs., Co., Ltd.,* No. 05 C 5892, 2005 WL 3436403, at *3 (N.D. Ill. Dec. 12, 2005) (sales in the forum state amounting to 3.5% of the company's total annual sales were not sufficient to confer general jurisdiction). Furthermore, Lanman Transportation does not have offices in the Northern District of Illinois (*see* Lanman Dep. at 29:16-22), and there is no indication that it has employees in the District, advertises or solicits business in the District, or has designated an agent for service of process in the District. Plaintiffs, therefore, fail to identify a basis for subjecting Lanman Transportation to general jurisdiction in the Northern District of Illinois. *See Helicopteros,* 466 U.S. at 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404.

Because none of Defendants are subject to personal jurisdiction in the Northern District of Illinois, venue is not proper in this District under 28 U.S.C. § 1391(b)(1).

## II.     Venue under 28 U.S.C. § 1391(b)(2)-(3)

Under 28 U.S.C. § 1391(b)(2), a plaintiff may bring a civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Plaintiffs appear to contend that venue is proper under § 1391(b)(2) because (1) Defendants pulled a letter of credit from a bank located in the Northern District in an amount that exceeded what Plaintiffs owed, and (2) Plaintiffs are located in the Northern District of Illinois and, therefore, sustained damages in this District. (*See* Pl. Resp. Br. at 11.) Plaintiffs, however, fail to develop their conclusory § 1391(b)(2) arguments or cite any legal authority in support of them. (*See id.*) Plaintiffs, therefore, have waived these arguments. *See, e.g., Hach Co. v. Hakuto Co., Ltd.,* 784 F. Supp. 2d 977, 987-88 (N.D. Ill. 2011) ("Conclusory, skeletal, or perfunctory briefing will result in waiver of the issue, as the Seventh Circuit has repeatedly held." (citations omitted)).

In addition, venue is not proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(3) because Plaintiffs could have brought this action in the Central District of Illinois, where all Defendants reside and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

**III.     Dismissal or Transfer**

Having found that venue is not proper in the Northern District of Illinois, the Court must either dismiss this action or, if in the interest of justice, transfer the case to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a). There is no indication that the statute of limitations will bar Plaintiffs' claims if the Court dismisses this case, and Plaintiffs have not identified any prejudice they will suffer in the event of a dismissal. Furthermore, in May 2014, Plaintiffs filed counterclaims against Defendants in another action between the parties in which Plaintiffs asserted the same claims that they allege in this action. Under these circumstances, dismissal of the action is appropriate.

## CONCLUSION

For the reasons explained above, the Court grants Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), and dismisses this case without prejudice to Plaintiffs' ability to refile it in a proper venue. Because the Court grants Defendants' motion to dismiss, it denies as moot Defendants' alternative motion to transfer the case to the Central District of Illinois pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).

Date:  June 30, 2014

AMY J. ST. EVE
United States District Court Judge